IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| STEVEN G. MITCHELL, | : | |
| | : | |
| Petitioner, | : | |
| | : | NO.  5:11-CV-28 (MTT) |
| VS. | : | |
| | : | |
| WILLIAM M. TERRY, | : | |
| | : | Proceedings Under 28 U.S.C. §2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| | : | |

## RECOMMENDATION TO DISMISS

Respondent William M. Terry filed a Motion to Dismiss asserting that the above-captioned petition it is untimely under the one (1) year period of limitation set forth in 28 U.S.C. § 2244(d). Doc. 13.  As the petition was filed outside the applicable limitations period, and because Petitioner has failed to show any cause for tolling the limitations period, it is **RECOMMENDED** that the petition be **DISMISSED**.

## FACTUAL AND PROCEDURAL HISTORY

On February 4, 2003, Petitioner Steven G. Mitchell was convicted and sentenced in the Butts County, Georgia Superior Court for the offenses of aggravated child molestation, enticing a child for indecent purposes, child molestation, solicitation of sodomy, and sexual exploitation of children. Petitioner's convictions and sentences were affirmed on November 28, 2007.  His motions for reconsideration were denied on December 11, 2007 and December 20, 2007.  On May 19, 2008, the Georgia Supreme Court dismissed Petitioner's petition for certiorari as untimely because it was not filed within twenty days of December 11, 2007, the date upon which his first motion for reconsideration was denied.  See Mitchell v. State, 2008 Ga. LEXIS 499 (2008).

On September 23, 2008, Petitioner filed a state habeas corpus petition. This state habeas petition was denied on November 2, 2009. A subsequently-filed application for a certificate of probable cause to appeal was denied on September 7, 2010. On January 20, 2011, Petitioner executed the instant federal petition. After filing a response, the Respondent filed the instant motion to dismiss.

## LEGAL STANDARDS

The AEDPA sets forth a one (1) year period of limitations for filing an application for a writ of habeas corpus for a person in custody pursuant to the judgment of a state court. 28 U.S.C. §2244(d)(1). This limitations period begins to run on the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. In calculating the limitations period, courts do not count any time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

## DISCUSSION

In this case, the period of limitations must be measured from the date on which Petitioner's conviction became final. See 28 U.S.C. § 2244(d)(1)(A). Petitioner has failed to demonstrate that

a government-created impediment to his filing his § 2254 petition existed, that any of his claims are based on a right newly recognized by the Supreme Court, or that the facts supporting his claims could not have been discovered through the exercise of due diligence before the date his conviction became final.

Petitioner's convictions became final no later than Monday, December 31, 2007, the first business day after the twenty day period during which he could have timely filed a petition for writ of certiorari in the Georgia Supreme Court expired. See Rule 38 of the Rules of the Georgia Supreme Court. Petitioner then waited 267 days before filing his state habeas corpus petition on September 23, 2008. The Georgia Supreme Court denied Petitioner's application for a certificate of probable cause to appeal the state habeas court's decision on September 7, 2010. Petitioner executed his federal petition on January 20, 2011, some 135 days later. That 135 days, along with the 267 days that ran before he filed his state habeas petition, totals 402 days. Consequently, Respondent's Motion to Dismiss should be granted, and the instant petition dismissed.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2254 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. Rule 11(b), Rules Governing Section 2254 Cases.

In this case, there has been no substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 120 S.Ct. 1595, 1603-04, 146 L.Ed.2d 542 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, the district court should deny a certificate of appealability in its final order.

Pursuant to § 2254 Rule 11(a): "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in any objections to this Recommendation.

## CONCLUSION

Accordingly, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED**, the instant § 2254 petition for writ of habeas corpus be **DISMISSED** with prejudice, and that a certificate of appealability be **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The Clerk is directed to serve the petitioner at the last address provided by him.

**SO RECOMMENDED**, this 15th day of August, 2011.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge